Benjamin Brenner, J.
A special jury verdict was rendered in favor of plaintiff which decided that he had duly performed his contract of employment as sales representative and that he was not discharged for cause. It rejected the defense that plaintiff, through fraud, had induced the execution of the contract. The parties have stipulated that the court shall decide whether the sum of $16,000 is payable as specified in the contract in the event of such discharge.
The sum so specified is not in the nature of a provision for alternative performance such as may be found in land sale contracts where an alternative sum is truly intended to be paid in the event of breach of an additional obligation (Hasbrouck v. Van Winkle, 261 App. Div. 679, affd. 289 N. Y. 595). The stipulated sum is in the instant ease but the single specified payment on discharge and not, as claimed by the plaintiff, an alternative to other or continuing obligations without breach.
Nor is the sum required to be paid under the contract in the nature of a penalty. It is a provision which squarely meets all of the tests long ago established for ascertaining whether liquidated damages is the true intent of the parties (Cotheal v. Talmage, 9 N. Y. 551 [1854]). These tests are still valid today to help prove an intent at time of contract that the stated sum represents contemplated damages, that difficulty be then anticipated as to a later ascertainment of such damages, and that the fixed appraisal of loss is reasonably and not grossly disproportionate to the probable loss (Curtis v. Van Bergh, 161 N. Y. 47). The stipulated commissions to be paid to plaintiff upon sales were entirely speculative and, though part of his remuneration, difficult of ascertainment. The intent to fix upon the said sum *981 of $16,000 as the plausible and prospective loss to plaintiff upon his discharge was altogether consistent with plaintiff’s abandonment of his then existing long-term employment for substantial, if not equal remuneration, in a steadily advancing and secure position. Finally, the specified sum payable on discharge is not grossly disproportionate to the probable loss, nor is it excessive or exorbitant when it is considered that the nature of plaintiff’s employment, namely, that of sales manager for the metropolitan area in the defendant’s untried venture, is the sort of employment which was not shown to be readily obtainable. Hence, the tests which require a holding that the sum specified to be payable on discharge is not a penalty have been met.
In fixing the sum payable on discharge, the defendant thereby avoided any subsequent calculation of loss which could conceivably result in a yet larger payment, to plaintiff than that which was specified in the contract. When it embarked upon the venture and hired the plaintiff, it undoubtedly made a fair estimate of possible loss should it prove unsuccessful. That fair estimate plainly included plaintiff’s prospective loss to be absorbed by the defendant for the discharge as set out and as reasonably apprehended in the contract of employment. So when it decided to give up the five-week-old venture, it was obliged to absorb anticipated losses in investment for the installation of its newly furnished showroom for the display and sale of its merchandise, as well as the sum fixed for payment to the plaintiff.
He is entitled to the entry of judgment in the sum of $16,000.