■ Lawrence Marvel, Respondent, v. Lilli Ann Corporation, Appellant.—

The case relied on by defendant (*Curnan* v. *Delaware & Otsego R. R. Co.*, 138 N. Y. 480), is distinguishable on the facts and is inapplicable to the instant case. Ughetta, Christ, Pette and Brennan, JJ., concur; Nolan, P. J., dissents and votes to reverse the judgment and to grant a new trial for the purpose of assessing plaintiff's damages, with the following memorandum: The reservation by defendant of the right to terminate the contract did not provide that defendant should pay $16,000 to plaintiff if the contract should be wrongfully terminated by defendant prior to the expiration date; nor did such reservation constitute an agreement by defendant to pay liquidated damages in the event of its breach of the contract. The reservation merely empowered defendant, if it should determine to do so, to exercise its option to terminate by paying plaintiff $16,000, and limited defendant's liability to that amount if the option should be so exercised by it. The option thus reserved, however, could be exercised only by the payment prescribed; and the exercise of the option would not have constituted a breach of the contract, since it was expressly provided for therein. It has been found on sufficient evidence that defendant breached the contract by wrongfully discharging plaintiff. Concededly, for that breach plaintiff is entitled to recover such damages as he may have sustained, whether they may be greater or less than the sum provided by the contract to be paid in the event of its termination in accordance with its terms. Plaintiff is not entitled, however, to recover the amount awarded to him as liquidated damages since the contract makes no provision for such payment. Hence, a new trial should be had at least for the purpose of assessing plaintiff's damages. [28 Misc 2d 979.]